IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01050-MEH-KLM

VASTANI COMPANY S.A.,

    Plaintiff,

v.

PAN AMERICAN GOLDFIELDS, LTD., formerly known as Mexoro Minerals, Ltd.,

    Defendant.

---

### ORDER ON MOTION FOR LEAVE TO RENEW JUDGMENT AND CONDUCT DEBTOR'S EXAMINATION

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Leave to Renew Judgment and to Conduct a Debtor's Examination [filed August 9, 2011; docket #46]. The Defendant filed no response to the motion within the time period required by D.C. Colo. LCivR 7.1C. On September 7, 2011, the Court directed Plaintiff to file a supplemental brief explaining its request for renewal or "revival" of the subject judgment. Plaintiff timely filed its supplemental brief on September 16, 2011. Having reviewed the motion, the supplemental brief and the entire record herein, the Court **grants in part and denies in part** the Plaintiff's motion.

First, with respect to Plaintiff's request to "renew" the September 14, 2010 judgment, as amended on April 21, 2011, the Court was initially unclear as to the relief Plaintiff sought by such request. The Tenth Circuit has determined that parties may seek renewal of judgments pursuant to Fed. R. Civ. P. 69(a) by filing a motion in the original action. *See McCarthy v. Johnson*, 172 F.3d 63, 1999 WL 46703, at *2 (10th Cir. Feb. 3, 1999) (unpublished). Plaintiff cites *McCarthy* for its request to renew; however, the opinion and its progeny refer to "renewal" of a judgment as

necessary to revive a dormant or otherwise satisfied judgment. The record in this case does not indicate that the September 14, 2010 judgment is either dormant or characterized as "satisfied." Thus, after this Court sought from the Plaintiff an explanation why renewal of the judgment is necessary in this case, Plaintiff clarified that it seeks only "to renew the post-judgment proceedings." *See* Supplement to Motion for Leave to Renew Judgment, ¶ 9, docket #48. Therefore, Plaintiff's initial request to "renew the judgment" is denied as moot.

Rule 69(a) of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). In Colorado, Rule 69 of the Colorado Rules of Civil Procedure governs the procedure for post-judgment proceedings. Here, Plaintiff seeks relief pursuant to Colorado Rule 69(e)(1), which provides that a judgment creditor may cause to be served upon the judgment debtor a subpoena requiring the judgment debtor's appearance before the court at an examination "concerning property." Colo. R. Civ. P. 69(e)(1).

Specifically, Plaintiff states that, while a judgment debtor examination was previously scheduled in this case based upon the September 14, 2010 judgment (*see* docket #30), Plaintiff moved to vacate that hearing (docket #31) upon the Defendant's assurance that it would fully respond to Plaintiff's discovery requests concerning Defendant's property. Since that time, the judgment has been amended to reflect the properly named Defendant (*see* dockets #39 and #42). Plaintiff asserts here that the Defendant's discovery responses are "woefully inadequate" and, despite efforts to confer and remedy the issue with Defendant, Plaintiff has not received the requested discovery. Consequently, Plaintiff seeks an order resetting the judgment debtor examination. Defendant has not responded to Plaintiff's motion.

The Court finds that resetting the judgment debtor examination under the circumstances to be appropriate in this matter. Therefore, the Plaintiff may serve upon the Defendant a subpoena or subpoena duces tecum pursuant to Colo. R. Civ. P. 69(e) directing Defendant to appear before the Court <u>in person</u> for a Rule 69 Judgment Debtor Examination on Tuesday, **November 1, 2011, at 10:00 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The Court will reserve judgment on any requests for mileage reimbursement or other expenses.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.

IT IS SO ORDERED.

Dated in Denver, Colorado, this 26th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge